ACCEPTED
15-25-00149-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
12/3/2025 7:30 AM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
12/3/2025 7:30:10 AM
CHRISTOPHER A. PRINE
Clerk

# REPLY BRIEF OF APPELLANT

## UNIQUE M. GREEN

In the Court of Appeals for the Fifteenth District of Texas

Case No. 15-25-00149-CV

## INTRODUCTION AND SUMMARY OF ARGUMENT

Appellant, Unique M. Green, files this Reply Brief to correct the factual record, rebut the Texas Funeral Service Commission's ("TFSC") legal arguments, and demonstrate that the agency acted outside its authority when it revoked an already renewed and active funeral establishment license. This Reply Brief incorporates all previously filed exhibits and addresses every issue raised in the TFSC Appellee Brief.

The evidentiary record shows that Appellant renewed her establishment license online before expiration. TFSC accepted the renewal fee, the online system processed the renewal, and the license was updated to ACTIVE status. Once renewed, the license became a protected property interest under state and federal law.

Despite this, in January 2025 the Executive Director of TFSC unilaterally revoked the renewed license without notice, without filing charges, without initiating a contested case, and without providing a hearing. Texas law requires all of these steps before revocation. TFSC bypassed every one.

Additionally, Appellant's attorney, Andre Wheeler, contacted the Executive Director requesting that the matter be set for hearing and referred to the State Office of Administrative Hearings (SOAH). TFSC did not respond and never initiated the administrative process. Attorney Wheeler's affidavit, included in the trial court filings, confirms these facts.

This Reply Brief addresses all issues raised by TFSC, including standing, exhaustion, property ownership, background check completion, the COO accusations, the "expiration" theory, sovereign immunity, ultra vires conduct, due process violations, and TFSC's misapplication of its own rules.

## I. APPELLANT HAS STANDING

TFSC argues that Appellant lacks standing because (1) she does not appear on county deed records as the property owner, (2) her individual funeral director license expired, and (3) the establishment license allegedly expired. These arguments are legally baseless.

Funeral establishment licensure does not depend on property ownership. Many establishments operate from leased property. The controlling factor is operational control, which Appellant exercised. Additionally, an individual funeral director license is not a prerequisite to renewal or operation of an establishment license.

Standing exists because TFSC's unauthorized revocation directly injured Appellant by removing an active license she had lawfully renewed. That satisfies Article III injury in fact.

TFSC repeatedly relies on Harris County deed records to argue that Appellant could not lawfully renew or operate the establishment license because she is not listed as the deed owner. This argument is unsupported by statute, rule, or TFSC's own historical practice. Texas law does not require an establishment licensee to

own the underlying real property. Funeral establishments across Texas routinely operate in leased buildings or buildings owned by third parties. The establishment license attaches to the operation of the funeral business—not title to the land. TFSC's attempt to convert property ownership into a prerequisite for licensure is legally baseless and contradicts the plain text of its own regulations. Moreover, TFSC cannot label COO filings "false" without initiating a contested case, issuing notice, presenting charges, and allowing a SOAH adjudication. None of these occurred. Therefore, the deed argument is both procedurally invalid and substantively irrelevant to the legality of Appellant's renewed license.

## II. THE BACKGROUND CHECK WAS COMPLETED

TFSC repeatedly argues Appellant "never completed the background check." This claim is false. The exhibits in the appellate record demonstrate that Appellant completed the required background check. The TFSC licensing system will not renew or activate a license if a background check is not completed.

TFSC accepted the fee, processed the renewal, and marked the license ACTIVE. These steps could not occur if the background check were incomplete. TFSC's

argument contradicts its own automated system and the documentary evidence.

## III. TFSC'S "EXPIRATION" THEORY IS FALSE

TFSC's assertion that the establishment license "expired by its own terms" is both factually and legally incorrect. Appellant renewed the license online before expiration, TFSC accepted the renewal fee, and the license was updated to ACTIVE status. A renewed license does not expire; it continues into the new licensing period. TFSC's reliance on an "expiration" theory ignores the renewal that the agency itself processed.

TFSC's January 2025 action was a revocation of an active, renewed license—not a natural expiration. Appellant therefore possessed a protected property interest that could not be removed without notice and a hearing.

## IV. COO ACCUSATIONS FAIL

TFSC claims Appellant submitted false information on Change-of-Ownership forms. COO forms are administrative and do not determine ownership of an establishment license. Moreover, TFSC never filed charges or initiated an

6

investigation. Without a contested case, TFSC cannot legally label filings "false." Due process prohibits such action.

The COO filings were accurate as submitted, and TFSC's accusation has no factual or procedural basis.

## V. COUNTY PROPERTY RECORDS ARE IRRELEVANT

TFSC relies on county property deeds to argue Appellant cannot renew an establishment license. Texas law does not require an establishment licensee to own the underlying real property. Many funeral homes operate on leased land. Property ownership is irrelevant to the renewal or maintenance of an establishment license.

TFSC's deed argument is therefore misplaced and unsupported.

## VI. EXHAUSTION DOES NOT APPLY

TFSC argues Appellant failed to exhaust administrative remedies. This argument fails because TFSC never initiated a contested case. A person cannot request a hearing that the agency refuses to provide.

Trial court exhibits show that Appellant's attorney, Andre Wheeler, emailed the Executive Director specifically requesting that TFSC set the matter for hearing and refer it to SOAH. TFSC ignored the request and never initiated the administrative process. Wheeler also executed an affidavit confirming these facts.

When an agency refuses to begin the administrative process, exhaustion rules do not apply.

## VII. THE REVOCATION WAS ULTRA VIRES

The Executive Director revoked a renewed license without following any statutory procedure. Revocation requires notice, a statement of charges, and a SOAH hearing. None of these steps occurred. An official who acts without authority commits ultra vires conduct, and sovereign immunity does not protect such actions.

This Court may review and restrain unlawful executive action.

## VIII. SOVEREIGN IMMUNITY DOES NOT APPLY

TFSC argues sovereign immunity bars this suit. Not so. Under Texas law, ultra vires suits seeking prospective relief are not barred. Appellant seeks only to undo an unlawful revocation and restore the lawfully renewed license.

Additionally, TFSC's action constitutes a final agency decision subject to APA review.

## IX. DUE PROCESS WAS VIOLATED

Appellant held a protected property interest in her renewed establishment license. Due process required TFSC to provide notice and a hearing before revocation. TFSC provided neither.

TFSC also argues Appellant waived due process by not requesting a hearing. This is impossible—TFSC never offered a hearing or initiated the administrative process. One cannot waive a hearing never provided.

## X. TFSC'S CASE LAW IS INAPPOSITE

TFSC cites several cases to justify its conduct. None involve revocation of a renewed and active license without notice or hearing. TFSC's cases concern incomplete renewals or applications—not post-renewal revocations. The distinctions are fundamental.

This case is not about a denied renewal; it is about an unlawful revocation.

## CONCLUSION

For the reasons stated above, Appellant respectfully requests that this Court reverse the trial court's dismissal and remand the case for full adjudication on the merits, or alternatively issue relief restoring the renewed establishment license.

/s/ Unique M Green

Unique M Green

1116 Elberta St

Houston, Tx. 77051

281-408-3103

Greenmica1980@aol.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this brief was served through the Court's electronic filing system on this date.

/s/ Unique M. Green

Appellant, Pro Se

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 108644235
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: Appellant Reply Brief
Status as of 12/3/2025 9:03 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Catherine Hughes | | catherine.hughes@oag.texas.gov | 12/3/2025 7:30:10 AM | SENT |
| Sherlyn Harper | | Sherlyn.Harper@oag.texas.gov | 12/3/2025 7:30:10 AM | SENT |
| Paulette King | | acommunityfuneralhome@yahoo.com | 12/3/2025 7:30:10 AM | SENT |
| Unique MGreen | | greenmica1980@aol.com | 12/3/2025 7:30:10 AM | SENT |
| Sarah Saunders | | info@tfsc.texas.gov | 12/3/2025 7:30:10 AM | SENT |
| Michael Nored | | michael.nored@tfsc.texas.gov | 12/3/2025 7:30:10 AM | SENT |